UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO: 06-047

RONALD DAVIS                            SECTION: "J"(1)

**ORDER AND REASONS**

Before the Court is Ronald Davis ("Mr. Davis")'s **Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Rec. Doc. 115)**, and the Government's opposition to same **(Rec. Doc. 126)**. Having considered the motion and memorandum, the record, and the applicable law, the Court finds that Mr. Davis's motion should be **DENIED**, for the reasons set forth more fully below.

**BACKGROUND FACTS**

On July 19, 2006, Mr. Davis plead guilty to one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). On October 25, 2006, this Court sentenced Mr. Davis to a term of imprisonment of 121 months, and judgment was entered on October 26, 2006. Mr. Davis did not appeal his sentence. On October 21, 2011, Mr. Davis filed a

motion to reduce his sentence pursuant to 18 U.S.C. § 3582. On January 1, 2012, the Court denied his motion. Mr. Davis appealed the Court's denial on February 13, 2012. On February 16, 2012, Mr. Davis filed the instant motion seeking relief under 28 U.S.C. § 2255. On April 10, 2012, this Court issued a stay of all proceedings in relation to the 28 U.S.C. § 2255 motion, pending the resolution of Mr. Davis's appeal of the motion for reduction. The United States Fifth Circuit Court of Appeals denied the appeal on May 24, 2012.

**DISCUSSION**

28 U.S.C. § 2255 provides that a prisoner in custody under the sentence of a court may move the court to vacate, set aside, or correct his sentence when:(1) the sentence was imposed in violation of the United States Constitution or federal law; (2) the court did not have jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum sentence authorized by law; or, (4) the sentence is otherwise subject to collateral attack. Id. § 2255(a). Section 2255(f) provides a one year statute of limitations for actions brought under 2255. Id. § 2255(f). The statute of limitations begins running from the latest of:

> (1) the date on which the judgment of the conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such

2

governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

In the instant case, judgment was entered on October 26, 2006. Because Mr. Davis failed to appeal his sentence, judgment became final on November 5, 2006, ten days after the judgment was signed.[1] Mr. Davis filed this § 2255 motion on February 16, 2012, over five years later. Thus, Mr. Davis's motion is untimely.

Mr. Davis argues, however, that the statue of limitations period in this case is not controlled by the date on which the judgment became final. See 28 U.S.C. § 2255(f)(1). Instead, he contends that 28 U.S.C. § 2255(f)(3) controls, and that the one-year statute of limitations period began running on February 28, 2011, when the United States Supreme Court decided DePierre v.

---

[1] See United States v. Plasencia, 537 F.3d 385, 388 (5th Cir. 2008)(holding that when a prisoner has not filed an appeal, a conviction becomes final for the purposes of 28 U.S.C. § 2255 upon the closing of the period to file a direct appeal); see also United States v. Gamble, 208 F.3d 536, 536 (5th Cir. 2000). Pursuant to the version of the Federal Rules of Appellate Procedure 4(b)(1)(A) that was in place at the time that the Court entered its judgment, the time period for filing a direct appeal was ten days. See Plasencia, 537 F.3d at 388. The current version of the Rules provides a fourteen day time period for filing a direct appeal. Fed. R. App. P. 4(b)(1)(A)(2011).

United States, 131 S.Ct. 2225 (2011). Mr. Davis argues that DePierre recognized a new constitutional rule relevant to his sentencing, thereby restarting the statute of limitations clock and rendering his February 16, 2012 filing timely. This Court finds that Mr. Davis's argument is without merit. There is no indication that the Supreme Court has made DePierre retroactive to cases on collateral review, as required by 28 U.S.C. § 2255(f)(3). See, e.g., Eckles v. United States, Nos. 12-77, 05-09, 2012 WL 2741436, at *2 (W.D. N.C. July 9, 2012)(finding that the Supreme Court did not make DePierre retroactive on collateral review); Wallace v. United States, Nos. 12-388, 07-39, 2012 WL 2161268, at *3 (N.D. Tex. June 14, 2012)(finding that DePierre is not retroactive on collateral review, but rather merely clarifies existing law).

Moreover, this Court finds that even if DePierre was given retroactive application, such that the Court could reach the merits of Mr. Davis's motion, it would not support Mr. Davis's request to have his sentence vacated. Specifically, the Court notes that the holding in DePierre only clarified the meaning of the term "cocaine base" as used in 21 U.S.C. § 841(b). 131 S.Ct. at 2237. The Supreme Court found that "cocaine base" meant cocaine in its chemically basic form, which includes crack cocaine, free base, and coca paste, but excludes powder cocaine. Id. If anything, the Supreme Court's holding only further supports the sentence imposed upon Mr. Davis by this Court, since Mr. Davis was specifically

found to have distributed *crack cocaine* which, as <u>DePierre</u> clarifies, is a cocaine base encompassed in 28 U.S.C. § 841(b), one of the statutes to which Mr. Davis plead guilty.[2] As such, this Court cannot say that Mr. Davis's counsel was ineffective in advising him as to the definition of cocaine base, or the maximum and minimum penalties that he could face by entering a guilty plea. Accordingly,

**IT IS ORDERED** that Mr. Davis's **Motion to Vacate (Rec. Doc. 115)** is hereby **DENIED.**

New Orleans, Louisiana, this 2nd day of August, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[2] <u>See</u> Superseding Indictment, Rec. Doc. 37, p. 1; Plea Agreement, Rec. Doc. 46, p.1.

5